UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DEVONTAY AYCOCK,<br><br>      Petitioner<br><br>v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, et al.,<br><br>      Respondents | Case No.: 2:21-cv-01468-JAD-BNW<br><br>**Order Dismissing Petition and Closing Case** |

Devontay Aycock submitted a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241[1] but failed to pay the $5.00 filing fee or submit a completed application to proceed *in forma pauperis*. As a result, this matter has not been properly commenced.[2]

It also appears that Aycock's petition is unexhausted. A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition,[3] and the federal court will not grant a state prisoner's petition for habeas relief until he has exhausted his available state remedies for all claims raised[4] by giving the highest available state court the opportunity to consider the claim through direct appeal or state collateral-review proceedings.[5] The Nevada Supreme Court docket reflects that the court

---

[1] ECF No. 1-1.

[2] 28 U.S.C. § 1915(a)(2) and Local Rule LSR1-2.

[3] *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995).

[4] *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).

[5] *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

affirmed Aycock's convictions on June 11, 2021.[6] Aycock does not state that the has filed a state postconviction habeas corpus petition. His federal petition raises claims of ineffective assistance of counsel, which must first be raised in a state postconviction habeas corpus petition.[7] Even if Aycock has in fact filed a state habeas petition, it cannot have been litigated in such a short time. Thus, it appears that Aycock has not exhausted his claims.

IT IS THEREFORE ORDERED that the Clerk of Court is directed to **detach and file the petition [ECF No. 1-1]**.

IT IS FURTHER ORDERED that **this action is DISMISSED** without prejudice to Aycock's ability to file a new petition in a new action with either the $5.00 filing fee or a completed application to proceed *in forma pauperis* on the proper form with both an inmate account statement for the past six months and a properly executed financial certificate. Petitioner at all times remains responsible for properly exhausting his claims, for calculating the running of the federal limitation period as applied to his case, and for properly commencing a timely-filed federal habeas action.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.

Dated: September 6, 2021

_____
U.S. District Judge Jennifer A. Dorsey

---

[6] Nevada Supreme Court Case No. 79684.

[7] *Pelligrini v. State*, 34 P.3d 519, 534 (Nev. 2001), *abrogated on other grounds by Rippo v. State*, 423 P.3d 1084 (Nev. 2018).